JOHNSON, CARVELL & MURPHY, a
corporation, Plaintiff,

v.

R. A. RIDDELL, District Director of Internal Revenue, Defendant.

No. 266.

United States District Court
S. D. California,
Central Division.

March 27, 1959.

Littlejohn, Callister & McNabb, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

HARRISON, District Judge.

Plaintiff corporation brings this action against the District Director of Internal Revenue to recover $9,691.34 plus interest which sum it paid as corporate income taxes for the calendar year 1954.

The facts are that plaintiff, being desirous of having its stock closely held only by persons working for the corporation, entered into a written agreement with its shareholders on January 26, 1948 (Exhibit 1) which gave plaintiff corporation an option to acquire the shares owned by retiring or deceased shareholders at a price of $1,000 per share. This agreement also provided that the set price of $1,000 a share could be changed at each succeeding annual meeting of shareholders if warranted, and that any stock purchased by plaintiff under this agreement had to be distributed to the remaining shareholders for $1,000 a share. During 1954 plaintiff acquired a total of 155 shares from three retired or deceased shareholders. Since plaintiff corporation was short of cash, part of its payment for these shares was in the form of 8,000 shares of preferred stock in Cinch Products, Inc., which stock had been held by plaintiff as an investment in this non-affiliated corporation. This Cinch stock had a fair market value of $5 per share at this time, and therefore the 8,000 shares were worth $40,000; however, the cost basis of these 8,000 shares to

plaintiff was only $325.60, and so plaintiff reported in its 1954 income tax return a long-term capital gain of $39,674.40 and paid a tax on this gain of $9,691.34, which latter sum it now seeks to recover. The evidence in the record is uncontradicted that plaintiff, after having determined that none of its remaining shareholders wished to purchase the 155 shares redeemed and retired these 155 shares, thereby reducing the total number of outstanding shares of plaintiff corporation by 38.7%.

The sole issue is whether plaintiff is entitled to a refund of the long-term capital gain tax paid by it on this transfer of the 8,000 preferred shares of Cinch Products, Inc. This transaction comes under the 1939 Internal Revenue Code, § 115 of the 1939 I.R.C., 26 U.S. C.A. § 115, deals with distributions by corporations, and § 115(i) states:

"Definition of partial liquidation. As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

U. S. Treasury Regulation 118 Section 39.22(a)–15:

"Acquisition or disposition by a corporation of its own capital stock:

"(a) Whether the acquisition or disposition by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction, which is to be ascertained from all its facts and circumstances. * * *"

"(b) However, if a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss is to be computed in the same manner as though the corporation were dealing in the shares of another. So also if the corporation receives its own stock as consideration upon the sale of property by it, or in satisfaction of indebtedness to it, the gain or loss resulting is to be computed in the same manner as though the payment had been made in any other property. Any gain derived from such transactions is subject to tax, and any loss sustained is allowable as a deduction where permitted by the provisions of the Internal Revenue Code."

U. S. Treasury Regulation 118 § 39.22 (a)–20:

"Gross income of corporation in liquidation:

" * * * No gain or loss is realized by a corporation from the mere distribution of its assets in kind in partial or complete liquidation, however they may have appreciated or depreciated in value since their acquisition * * *."

It is my view that this transaction involved a distribution by plaintiff of 8,000 preferred shares of Cinch Products, Inc. in redemption of part of its stock (the 155 shares), and therefore under the terms of 39.22(a)–20 no gain was realized by plaintiff from this distribution of its assets. In Lencard Corp. v. Commissioner of Internal Revenue, 1942, 47 B.T.A. 58 the court, relying on a regulation similar in wording to 39.22(a)– 20, held that a transfer by the corporation of part of its appreciated assets to its sole preferred shareholder as consideration for the surrender of all of her preferred stock to the corporation, which stock was then retired, was a liquidation of its outstanding preferred stock and the corporation realized no taxable gain. The court expressly rejected the argument that this regulation applies only to dissolved corporations or those in the process of winding up, and stated that the true transaction was a liquidation of the preferred stock. Dill Mfg. Co. v. Commissioner of Internal Revenue, 1939, 39 B.T.A. 1023 presented a similar situation in which the corporation acquired and retired the stock of its minority shareholders in return for certain depreciated corporate assets. The court

**216**

disallowed the corporation's claim for loss on this transfer of its depreciated assets on the ground that this was a distribution in partial liquidation and therefore, under a regulation similar in wording to 39.22(a)–20, neither gain nor loss was realized by the corporation. In Lucius Pitkin, Inc. v. Commissioner of Internal Revenue, 1949, 13 T.C. 547 the corporation, consisting of three shareholders, transferred certain of its depreciated assets to one of the shareholders in return for all of his stock which was then cancelled by the corporation. The court held that this was a distribution by the corporation of its assets in partial liquidation under § 115, and that therefore, under the regulation identical in wording to 39.22(a)–20, the corporation could claim no loss. The court rejected the applicability of a regulation identical to 39.22(a)–15 (heavily relied upon by the commissioner in the case at bar) on the ground that (1) the corporation did not deal in its own shares as it might in the shares of another corporation, for only the cancellation of the corporation's own shares served to eliminate the shareholder's interest, and (2) the corporation did not

receive the shares as consideration for the sale of property by it, since the real nature of the transaction was not a sale but to eliminate one shareholder's interest.

Conclusion: The facts of this transaction place it within the scope of I.R.C. § 115(i) which states that a distribution by a corporation in redemption of part of its stock is a distribution in partial liquidation, and Regulation 39.22(a)–20 provides that this is a non-taxable transaction. Regulation 39.22(2)–15(b) is inapplicable for (1) the plaintiff corporation's purpose was to acquire and retire the 155 shares of its own stock, and (2) this was not a sale of corporate assets but was a partial liquidation of corporate stock, and I so find. I realize such distribution may result in a tax avoidance but on the facts of this case it is my view that this was a good faith transaction and was not made for tax avoidance purposes.

Plaintiff is entitled to judgment as prayed for, and counsel for plaintiff is directed to submit to me proposed findings and judgment in accordance with the views herein expressed.